819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jewell E. BROWN, Plaintiff-Appellant,
v.
Sheriff Billy DELANEY and Deputy Otis Groves, Defendants-Appellees.
 No. 86-5785.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1987.
 
 Before MILBURN, Circuit Judge, WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Jewell E. Brown appeals the decision of the district court dismissing his 42 U.S.C. Sec.l983 action for failure to carry his burden of proof. For the reasons that follow, we affirm.
 
 I.
 
 2
 Brown filed a 42 U.S.C. Sec.l983 action in the district court alleging that the defendants violated his constitutional rights while he was incarcerated at the Warren County Jail in 1985. He specifically alleged that Deputy Otis Groves, without provocation, choked him, kicked him in the lower back and hit him in the face with a jail key ring. As a result of this allegedly unprovoked assault, Brown claimed that he suffered back injuries and lost a tooth filling. He requested $50,000 in damages.
 
 
 3
 On June 5, 1986, this action came before the district court for a bench trial thereon. At trial, Brown testified that on the night of the incident, Deputy Groves was transferring Brown from a cell to the "drunk tank." Brown stated that he was sober and that when he protested about the transfer Deputy Groves assaulted him in the above-mentioned manner. He also stated that after he reached the "drunk tank" he lost consciousness and that when he awoke he was "hurting all over." Brown offered no other evidence.
 
 
 4
 Deputy Groves stated that Brown was not in control of his faculties and appeared to be seeing and conversing with imaginary people. He further stated that Brown had taken off all his clothes, was holding a tooth brush and a razor, and was shouting nonsensical commands. In an attempt to restrain Brown, Deputy Groves stated that he pinned Brown's arms and forced him into a cell. Deputy Groves denied that he choked, kicked or hit Brown and stated that any force he used was necessary to restrain Brown and to protect him from injuring himself or others. This testimony coincided with incident reports filed by two other deputies that were present during the altercation.
 
 
 5
 In its Memorandum and Order, after considering the submitted evidence and conflicting testimony, the district court concluded that the testimony of the defendants was more convincing and reasonable than Brown's testimony; that Brown failed to carry his burden of proof; and that, therefore, the action should be dismissed. This pro se appeal, in which Brown reasserts his testimony at trial followed.
 
 
 6
 Pursuant to Fed. R. Civ. P. 52(a), this court may reverse the district court's findings only if they are clearly erroneous. Furthermore, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. A finding of fact will be deemed clearly erroneous only when it is against the clear weight of the evidence or when upon review of the evidence, the appellate court 'is left with the definite and firm conviction that a mistake has been committed." ' West v. Fred Wright Constr. Co., 756 F.2d 31, 34 (6th Cir. 1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Moreover, on review' the appellate court should not lightly set aside the trial court's determination of the appropriate weight to attach to the credibility of the evidence. Id. at 34.
 
 
 7
 A thorough review of the record in the present case reveals that the trial judge's finding was not clearly erroneous. Accordingly, the judgment of the Honorable Thomas G. Hull of the United States District Court for the Eastern District of Tennessee is AFFIRMED.